UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

    Criminal Case No.:
    17-cr-20740

    Civil Case No.: 22-cv-11161

    Honorable Gershwin A. Drain

TYREE WILLIAMS,

    Defendant-Petitioner.

_____/

**ORDER DENYING 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE [#783] AND DENYING A CERTIFICATE OF APPEALABILITY**

**I.    INTRODUCTION**

Presently before the Court is Defendant-Petitioner Tyree Williams Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The Government filed a Response and Williams filed a Reply in support of his present motion. Williams's § 2255 motion asserts that his counsel was ineffective during the sentencing phase of this action because he failed to object to the application of U.S.S.G. § 2A2.1 and failed to brief the applicability of U.S.S.G. § 5G1.3(b). Because Williams is wrong on the law and the record contradicts his claims, the

Court will deny his § 2255 Motion to Vacate, Set Aside, or Correct Sentence.

## II. FACTUAL BACKGROUND

Williams is a member of the Smokecamp street gang. He pleaded guilty to Count I (racketeering conspiracy) and Count 20 (assault with a dangerous weapon in aid of racketeering) of the Third Superseding Indictment. In connection with his plea, Williams admitted to being a serial shooter who fired into homes and at women and children on the street and admitted to being a drug dealer. Undeterred by his earlier federal sentence in West Virginia, Williams pushed to expand Smokecamp's operations in the City of Detroit while under federal supervision. Due to his actions, Williams faced a sentencing guideline range of 210 to 262 months imprisonment.

The Court sentenced Williams to 210 months in prison on each of Count 1 (Racketeering conspiracy) and Count 20 (Assault with a dangerous weapon in aid of racketeering). (7/12/2021 Sentencing Tr., ECF No. 770, PageID.4743; Judgment: ECF No. 758, PageID.4534). At the sentencing hearing, the Court raised the issue of, and invited the parties to brief, the applicability of U.S.S.G. § 5G1.3(b) to a potential 30-month credit against these sentences for the period Williams served pursuant to his earlier federal drug conviction in West Virginia (the "West Virginia drug conviction"). (*Id.*, PageID.4716). If § 5G1.3(b) applied, Williams would receive a 30-month credit to his sentence, if not, then no. (*Id.*, PageID.4717) ("I will

have both parties submit sentencing memorandum on this credit issue, and I feel comfortable proceeding to sentencing now and just filing an amended judgment and commitment either giving him credit or not giving him credit."). Prior to sentencing, the parties had not contemplated the application of U.S.S.G. § 5G1.3 to Williams's sentences. (Gov. Br., ECF No. 759, PageID.4542). And probation never mentioned the possibility of applying that guideline. (*Id*.). Williams agreed with and did not object to the Court's briefing proposal. (7/12/2021 Sentencing Tr., ECF No. 770, PageID.4717).

On, July 13, 2021, the government filed its brief, arguing that the Court should refrain from applying a 30-month credit because § U.S.S.G. 5G1.3(b) does not apply to Williams's discharged West Virginia drug sentence (a sentence that did not increase his offense level). (Gov. Br., ECF No. 759, PageID.4541-42). And on July 29, 2021, Williams filed his brief arguing the opposite. (Def. Br., ECF No. 763, PageID.762-63). The Court did not subsequently give Williams a 30-month reduction.

### III.     LAW & ANALYSIS

#### A. Standard of Review

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United

States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. In order for Williams to prevail under § 2255, he must "demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003). An action under § 2255 mandates that the district court grant a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255. Because the record conclusively demonstrates Williams is not entitled to § 2255 relief, a hearing is not necessary.

### B. Ineffective Assistance of Counsel

There is a two-prong test to evaluate claims of ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). A defendant must prove that (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. *Id.* A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within a wide range of professional assistance." *Id.* at 689. "Of course, failing to raise wholly meritless claims is neither deficient nor prejudicial." *Moody*

4

*v. United States*, 958 F.3d 485, 492 (6th Cir. May 6, 2020) (citing *Bennett v. Brewer*, 940 F.3d 279, 286–87 (6th Cir. 2019) and *Sutton v. Bell*, 645 F.3d 752, 755 (6th Cir. 2011)). Williams makes two claims.

### 1. Failure to Object to the Application of § 2A2.1

Williams never objected to the application of U.S.S.G. § 2A2.1 (assault with intent to commit murder; attempted murder). In fact, he expressly agreed in the plea agreement to the application of § 2A2.1. (Plea agreement, EFC No. 548). And Williams specifically included § 2A2.1 in the "Defendant's proposed guideline worksheets" that were attached to the filed plea agreement. (*Id.*, PageID.2996). Williams also agreed in the plea agreement that "on August 25, 2014, Defendant committed an act involving murder by assaulting L.P. with intent to commit murder." (*Id.*, PageID.2970) (emphasis supplied). Williams signed the plea agreement and agreed that "[b]y signing below, Defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorney's advice and representation. Defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer."). (*Id.*, PageID.2983).

The PSR also determined that Williams was accountable for "assault with intent to commit murder (August 25, 2014)," (PSR ¶ 22). The PSR also stated that

5

Williams "was involved in at least two assaults with intent to commit murder and other gang related activities." (*Id*., ¶¶ 110, 112). Williams never objected to these facts. Williams then admitted to the supporting facts at his plea. (07/24/2019 Minute entry). A case from this district, *United States v. Davis*, No. 15-CR-20152, 2018 WL 4679643, at *3 (E.D. Mich. Sept. 28, 2018), is instructive. There, the defendant claimed—as does Williams here—that he did not agree to a guideline reference related to § 2A2.1. Like Williams—that defendant "clearly did [agree], both by signing the Plea Agreement and by not objecting to the presentence report[.]" *Id*. The Court held that, either way, he would not have a successful claim for ineffective assistance of counsel because he could not satisfy the "first prong of the *Strickland* test—that counsel's performance fell below an objective standard of reasonableness [because] . . . [his] counsel negotiated a substantial reduction in his sentence in exchange for a plea of guilty . . . [including a] three-point adjustment for acceptance of responsibility [and the dropping of charges]." *Id*. The circumstances here are similar to those in *Davis*. Under the plea agreement, the government agreed to dismiss Count 2 (assault with a dangerous weapon in aid of racketeering), Count 3 (use and carrying a firearm during and in relation to a crime of violence), and Count 21 (use and carrying a firearm during and in relation to a crime of violence), and also to the three-point adjustment for acceptance of responsibility. (Plea agreement, EFC No. 548, PageID.2978-79, 2990). "Given the

6

advantages flowing from the negotiated plea agreement, declining to object to a portion of the plea agreement—after [the defendant] had indicated to counsel and to the Court that the agreement was satisfactory—was reasonable." *Davis*, 2018 WL 4679643, at *3.

Williams, again like the defendant in *Davis*, cannot meet the second prong of the *Strickland* test. Williams cannot show that counsel's allegedly "deficient performance prejudiced the defendant by causing an unreliable or fundamentally unfair outcome because, even if defense counsel had objected to the cross-reference, the objection would have been without merit." *Id*., at *4. Here, there was an uncontested factual basis to support the application of U.S.S.G. § 2A2.1. Plus, Williams agreed to it in his plea agreement, in his "Defendant's proposed guideline worksheets," and when he made out the factual basis for his guilty plea. It "would not have made sense for [the defendant's] attorney to object to an agreement to which [the defendant] had already agreed." *Id*. "Therefore, [the defendant] cannot show that his counsel's performance "'prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome.'" *Id*. (quoting *Strickland*, 466 U.S. at 687–88)).

### 2. Failure to Brief the Applicability of U.S.S.G. § 5G1.3(b)

Williams next claims that his attorney failed to brief the applicability of U.S.S.G. § 5G1.3(b) to a potential 30-month credit against his sentences. (Def.

Mot., ECF No. 783, PageID.4878-79). This claim is belied by the record. Williams's attorney filed his brief ("Defendant Tyree Williams' Supplemental Brief On Applicability Of U.S.S.G. § 5G1.3(b)") on July 29, 2021. (Def. Br., ECF No. 763, PageID.762-63). After reviewing the parties' filings, the Court did not give Williams a 30-month credit against his sentences. As the government noted in its brief at the time, U.S.S.G. § 5G1.3(b) is inapposite because Williams's prior 30-month federal drug sentence is not on an undischarged term of imprisonment. (Gov. Br., ECF No. 759, PageID.4541). And the guidelines expressly treat the West Virginia drug conviction as a "prior sentence under §4A1.2(a)(1) and not as part of the instant offense." (*Id.*). It is not a part of the "offense conduct" for Count 1 and Count 20 and did not impact the offense level—so § 5G1.3(b) does not apply. (*Id.*, PageID.4541-42). Plus, Count 20 is a VICAR conviction—not a "conspiracy" charge related to his drug crimes—and it is based on Williams's drive-by shooting in Detroit that took place five months after he was arrested on his West Virginia case. (*Id.*, PageID.4542). Williams's counsel was not deficient and did not cause any prejudice.

### C. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2255 Proceedings, which was amended as of

December 1, 2009, requires that a district court issue or deny a certificate of appealability when it enters a final order. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c) (2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c) (3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

The Supreme Court has provided that, to demonstrate entitlement to a certificate of appealability pursuant to § 2255, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, the Court concludes that reasonable jurists would not find it debatable whether Williams's § 2255 motion should have been decided in a manner different than that reached by this Court. Therefore, the Court declines to issue a certificate of appealability.

## IV. CONCLUSION

Accordingly, Williams's Motion to Vacate, Set Aside, or Correct Sentence [#783] is DENIED.

A certificate of appealability shall not issue.

Dated: March 11, 2024                /s/Gershwin A. Drain
                                      GERSHWIN A. DRAIN
                                      United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 11, 2024, by electronic and/or ordinary mail.
/s/ Lisa Bartlett
Case Manager